FILED

OCT 23 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL SHANAHAN, *individually and on behalf of all those similarly situated,* 2638 Parkview Drive Niagara Falls, NY 14305<br><br>Plaintiff,<br><br>v.<br><br>KEYBANK, 127 Public Square Cleveland, OH 44114<br><br>Defendant. | No. 1:19CV2477<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER NEW YORK LABOR LAW<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiff Daniel Shanahan (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant KeyBank (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA and NYLL and owed non-overtime wages in violation of the NYLL.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a company doing business in New York at various locations including at the address set forth above.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of all personal bankers, tellers, and other similar non-exempt employees presently and formerly employed by Defendant subject to Defendant's pay practices and policies described herein and who worked for Defendant at any point from three years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendant within the last three years whom Defendant failed to properly pay at least one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek as required by the Fair Labor Standards Act ("FLSA").

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New York Labor Law)

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings his claims asserting violations of the New York Labor Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all personal bankers, tellers, and other similar non-exempt employees presently and formerly employed by Defendant subject to Defendant's practices and policies described herein and who worked for Defendant at any point from six years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Class Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was an hourly employee whom Defendant required to perform the Opening Procedures (described herein) off-the-clock without compensation.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting

4

the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and has refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class is whether Defendant failed to pay Named Plaintiff and Class Plaintiffs wages for time spent performing the Opening Procedures prior to clocking in.

## FACTUAL BACKGROUND

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. (Hereinafter, Collective Plaintiffs, and Class Plaintiffs collectively are referred to as "Class Plaintiffs.")

26. Named Plaintiff worked for Defendant as a personal banker during two separate periods, including for around two and one-half years ending in or around July 2014 and for a slightly more than a year ending in July 2019.

27. Throughout Named Plaintiff's employment, Defendant paid him an hourly rate.

28. Named Plaintiff regularly worked at least 40 hours as recorded by Defendant's timekeeping system.

29. Class Plaintiffs worked/work for Defendant as personal bankers, tellers, and/or in other non-exempt, hourly positions subject to Defendant's practices and policies described herein.

30. Defendant paid/pay Class Plaintiffs hourly rates.

31. Class Plaintiffs regularly worked/work at least 40 hours as recorded by Defendant's timekeeping system.

32. During the time period from three (3) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which his aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

33. During the time period from three (3) years prior to the filing of the instant action through the present, Collective Plaintiffs each worked at least one workweek in which their aggregate work hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

34. During the time period from six (6) years prior to the filing of the instant action through the present, Class Plaintiffs each worked at least one in which their aggregate work

6

hours, including both the time recorded by Defendant and the off-the-clock time worked as alleged herein, exceeded forty (40) hours.

35. During the time period from six (6) years prior to the filing of the instant action through the present, Named Plaintiff worked at least one workweek in which the work hours Defendant recorded were less than 40 and he performed the Opening Procedures at least once.

36. During the time period from six (6) years prior to the filing of the instant action through the present, Class Plaintiffs each worked at least one workweek in which the work hours Defendant recorded were less than 40 and they performed the Opening Procedures at least once.

**Unpaid Pre-Shift Time**

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Defendant's policies required/require that two employees open the bank each day the bank is open for business.

39. Defendant routinely required/require Named Plaintiff and Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") to assist in opening the bank branch where they were employed.

40. Per Defendant's uniform policies and procedures, the employees who were/are assigned to open the bank, including Plaintiffs, were/are required to engage in significant pre-shift security procedures, both inside and outside the building, prior to being permitted to clock-in.[1]

41. Defendant prohibited/prohibits Plaintiffs from clocking in until after they perform the security procedures and various non-security related procedures such as turning on their

---

[1] Named Plaintiff has opted not to explicitly list each security procedure which Defendant required/requires because doing so could potentially expose Defendant to security risks. Should this Court or Defendant seek Named Plaintiff to provide more detailed information regarding the pre-shift activities, Named Plaintiff is prepared to do so.

7

computers. (Hereinafter, the security and non-security procedures are collectively referred to as the "Opening Procedures.")

42. None of the time Plaintiffs spent/spend engaging in the Opening Procedures prior to clocking-in was/is paid by Defendant; all such work was/is performed "off-the-clock."

43. Defendant paid/pay Plaintiffs only for the time they were/are clocked into work.

44. Much of this uncompensated time consists of time worked in excess of 40 hours per workweek.

45. Accordingly, in any workweek when Named Plaintiff and Class Plaintiffs' aggregate work hours, including both the time recorded by Defendant and the off-the-clock time spent performing the Opening Procedures, totaled more than 40 hours, Defendant failed to pay them at least one and one-half times their regular rates for hours worked more than 40 hours.

46. The aforementioned conduct has caused Named Plaintiff and Class Plaintiffs to suffer damages.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)
### (Named Plaintiff and Collective Plaintiffs v. Defendant)

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. At all times relevant herein, Defendant was/is employers within the meaning of the FLSA.

49. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

50. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

51. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty hours per workweek.

52. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for hours spent performing the Opening Procedures.

53. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

54. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

### COUNT II
### Violations of the New York Labor Law ("NYLL")
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Class Plaintiffs v. Defendants)

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NYLL.

57. At all times relevant herein, Defendant is and was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

58. At all times relevant herein, Named Plaintiff and Class Plaintiffs are and were employed with Defendant as "employees" within the meaning of the NYLL.

59. Under the NYLL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

60. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked beyond 40 per workweek violated NYLL.

61. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

62. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Violations of the New York Labor Law ("NYLL")**
**(Failure to Pay Earned Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. Under the NYLL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

65. Defendant violated the NYLL by failing Named Plaintiff and Class Plaintiffs their hourly rates for all hours worked.

66. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was/is willful and was/is not based upon any reasonable interpretation of the law.

67. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(2) Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3)     Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the NYLL in an amount equal to the actual damages in this case;

(4)     Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(5)     Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(6)     Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a trial by jury.

                                               Respectfully Submitted,

                                               */s/ M. Miller*

                                               Matthew D. Miller, Esq. (PA ID: 312387)
                                               Justin L. Swidler, Esq. (PA ID: 205954)
                                               SWARTZ SWIDLER, LLC
                                               1101 Kings Highway N., Suite 402
                                               Cherry Hill, NJ 08034
                                               Phone: (856) 685-7420
                                               Fax: (856) 685-7417
                                               mmiller@swartz-legal.com
                                               jswidler@swartz-legal.com

Date: October 21, 2019

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, surveillance camera footage (both cameras recording activity outside and inside branches), records of door alarm activation/deactivation, and records of branch door locking/unlocking.