IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Daniel Shanahan, et al.,**<br>**On behalf of themselves and all**<br>**Others similarly situated,**<br><br>　　　　　　　　**Plaintiffs,**<br>　　-vs-<br><br>**KeyBank, NA,**<br><br>　　　　　　　**Defendant** | **Case No. 1:19cv2477**<br><br>**JUDGE PAMELA A. BARKER**<br><br>**FINAL ORDER APPROVING**<br>**SETTLEMENT** |

Plaintiffs Daniel Shanahan, LeVora Addison, Michael Alagich, Jamie Serow, Alejandro Solano, and Laurie Kielbania move the Court to grant (1) final certification of the Class Members' settlement classes pursuant to Fed. R. Civ. P. 23; (2) approval as fair and adequate the settlement of the class and collective actions as set forth in the Joint Stipulation of Settlement and Release; (3) approval of Notices of Final Settlement Approval and Reminder postcard for Class Members and Putative Collective Action Members; (4) approval of ten Service Awards of $10,000.00 each, to Plaintiffs Daniel Shanahan, LeVora Addison, Michael Alagich, Jamie Serow, Alejandro Solano, and Laurie Kielbania, and Opt-in Plaintiffs Ronald Gall, Catherine Johnson, Brenda Meehan, and Ernesto Small; and (5) approval of the National Employment Law Project as the *cy pres* recipient; and (6) approval of Class Counsel's request for one-third of the Global Settlement Fund as attorneys' fees and $5,655 in out-of-pocket litigation costs as reasonable. Having reviewed the Settlement Agreement, Plaintiffs' unopposed motion and exhibits, and the pleadings and papers filed in this Action, and for good cause therein established, the Court enters this Final Order and Judgment as follows:

1. On October 23, 2019, Plaintiff Shanahan filed a Collective and Class Action Complaint against Defendant KeyBank National Association ("KeyBank"). (ECF No. 1.) Plaintiff Shanahan alleged that Defendant failed to pay hourly bank branch employees for time spent performing branch opening procedures in violation of the Fair Labor Standards Act ("FLSA") and New York law. On October 30, 2019, Defendant filed a motion to dismiss the Complaint and compel arbitration. (ECF No. 5.) On December 2, 2019, pursuant to a briefing schedule agreed upon by the parties, Plaintiff Shanahan filed an Amended Complaint adding Plaintiff Addison as a named plaintiff representing the putative collective action under the FLSA and a Rule 23 class action under Ohio law. (ECF No. 14.) On December 6, 2019, Defendant filed a motion to dismiss the Amended Complaint and compel arbitration of Plaintiffs' claims. (ECF No. 16.) On the same day, the parties jointly moved to stay the proceedings while the parties discussed the possibility of settlement, which the Court granted. (ECF No. 17.) Throughout late 2019 and the period of the stay, 23 individuals filed consent forms to join the FLSA collective action. (ECF Nos. 10, 12, 13, 15, 19, 20.)

2. During the stay, which the Court periodically extended pursuant to the parties' requests (ECF Nos. 18, 21, 22, 23, and 24), the parties discussed settlement on a class-wide basis. In addition to Plaintiffs' claim for alleged unpaid overtime wages for performing branch opening procedures, the parties also discussed settlement of additional claims alleging that Defendant failed to pay Plaintiffs for time spent performing branch closing procedures and working through unpaid meal breaks in violation of the FLSA and state law. The parties exchanged and analyzed pay and time data, personnel records, and documents concerning the alleged unlawful policies, which enabled the parties to assess the strengths and weaknesses of Plaintiffs' claims and Defendant's defenses and to calculate damages for the claims.

3. On July 8, 2020, the parties participated in an all-day private mediation with Lynn Cohn, an experienced mediator. After the mediation and numerous subsequent telephone discussions, the parties reached a settlement in principle on August 17, 2020 and executed a binding term sheet. On October 29, 2020, the parties executed the Settlement Agreement that is now before the Court. Consistent with the Settlement Agreement, on October 20, 2020, Plaintiffs filed a Stipulation for Plaintiffs to file a Second Amended Complaint, which (1) added the claims for alleged unpaid wages for performance of the branch closing procedures and allegedly working through meal breaks, (2) added Plaintiffs Alagich, Serow, Solano, and Kielbania as additional named plaintiffs and their respective class action claims under Pennsylvania, Connecticut, Oregon, and Massachusetts, respectively, and (3) removed Plaintiff Addison's claims under Ohio law and class action allegations of an Ohio class. (ECF No. 28-1.)

4. On November 6, 2020, Plaintiffs filed their unopposed Motion for Preliminary Approval of the Settlement. (ECF No. 35.) Following a November 18, 2020 telephonic status conference with the Court, Plaintiffs filed an Amended Proposed Order granting preliminary approval of the Settlement Agreement and an Amended Proposed Settlement Notice. (ECF No. 36.)

5. On December 3, 2020, the Court granted preliminary approval of the class action. (ECF No. 37.) The Court's order certified the proposed Class Members' settlement classes pursuant to Fed. R. Civ. P. 23, approved notice to the Class Members, appointed Plaintiffs' counsel as Class Counsel, approved A.B. Data, Ltd. as the settlement claims administrator, and scheduled a Final Approval Hearing for March 12, 2021.

6. On January 5, 2021, the Settlement Administrator sent notice to the Class Members.

7.  On February 18, 2021, Plaintiffs filed their motion for final approval of the settlement, final certification of the classes, and approval of Service Awards, the National Employment Law Project as *cy pres* recipient, and attorneys' fees and costs. The motion included a declaration of Bruce Holmann of A.B. Data Ltd. The Declaration certified that the Notice of Class Action Settlement was distributed to the Class Members as prescribed by the Settlement Agreement and the Court's Order granting preliminary approval. The Declaration further informed the Court that no Class Member has filed and pursued an objection, and that four (4) recipient(s) of the Notice, identified in the Declaration, requested exclusion from the Class.

8.  On March 12, 2021, the Court held the Final Approval Hearing. During the Final Approval Hearing, the Court declined to grant final certification to the Oregon subclass because it contained less than five individuals and accordingly did not meet the numerosity under Fed. R. Civ. P. 23(a). The other classes were approved. The Parties mutually agreed that the Settlement Agreement shall treat those in Oregon as Collective Members of the Settlement Agreement and agree that the release language is modified by virtue of this Order removing references to Oregon state law. The Settlement Agreement resolves all wage-and-hour law claims of Plaintiffs and Class Members under the laws of the respective four states, New York, Pennsylvania, Connecticut, and Massachusetts. Class Members are current and former branch employees who worked for Defendant in qualifying positions in one of the four states and did not enter into an arbitration agreement with Defendant. The Settlement Agreement further resolves all federal wage-and-hour law claims of forty-eight (48) individuals ("Collective Members") who also did not enter into arbitration agreements with Defendant but did not work in New York, Pennsylvania, Connecticut, and Massachusetts and who may opt-in to the collective action. The Settlement Agreement makes fair and reasonable payments

available to Plaintiffs, Class Members, and Collective Members in exchange for their release of wage-and-hour law claims. The proposed method of allocating the net settlement proceeds is reasonable and fair to all. Each Class and Collective Member will receive a pro-rata portion of the Net Settlement Fund based on the number of weeks they worked during the respective relevant periods (i.e., December 2, 2016 to December 2, 2019 for members of the Pennsylvania, Connecticut, and Massachusetts classes as well as members of the Collective Action, and December 2, 2013 to December 2, 2019 for members of the New York Class). The minimum payment to each Settlement Class Member will be $100.00.

9. Following final approval, each Putative Collective Action Member who is not also a Class Member will be provided a check and a Notice of Final Settlement Approval informing them that they may participate in the Settlement, thus waiving their wage-and-hour law claims by negotiating the check containing their share of the Net Settlement Fund. If they choose not to participate and do not negotiate the settlement check, they will release no claims under the Settlement Agreement as they are not members of the Rule 23 classes.

10. Each Class Member also will be provided a check and a Notice of Final Settlement Approval informing them of the Settlement's approval and that they will be opting into the collective action and releasing their federal law wage and hour claims by negotiating the check. The Notice will also inform Class Members that if they do not negotiate the checks, they will still release their state law wage and hour claims by virtue of having not opted out of the Rule 23 settlement.

11. The parties have informed the Court that they believe the Settlement Agreement appropriately balances the risks, expenses, and potential outcomes of protracted litigation. For

5

Plaintiffs, the Class Members, and the Collective Members the proposed settlement will eliminate the risk and delay of litigation and provide a monetary recovery for their claims to all.

12. As to the proposed Rule 23 classes, the Court makes a two-fold determination.

13. The Court finds, for settlement purposes under Rule 23(e), that each of the Class Members' classes satisfy "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 772 F.3d 838, 850 (6th Cir. 2013).

14. There are at least 30, and up to 2,155, Class Members in each of the proposed Settlement Classes. Plaintiffs' Second Amended Complaint asserts claims under federal and state wage-and-hour laws on behalf of the Class Members that "depend upon [] common contention[s] . . .that [are] capable of classwide resolution." *Id.* at 852. Accordingly, adjudicating them on a class-wide basis would "generate common answers that are likely to drive resolution of the lawsuit." *Arlington Video Productions, Inc. v. Fifth Third Bancorp*, 2013 WL 560635, *14 (6th Cir. 2013). These common questions predominate "over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

15. Plaintiffs Shanahan, Addison, Alagich, Serow, Solano, and Kielbania have aggressively pursued the interests of the Class Members, and Class Counsel have extensive experience in class action litigation, including wage-and-hour law cases. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (class representatives "must have common interests with unnamed members" and "it must appear that [they] will vigorously prosecute the interests of the class through qualified counsel" (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996))).

16. Proceeding on a class action basis in the present case is "superior to other available methods for fairly and efficiently adjudicating" this controversy. Fed. R. Civ. P. 23(b)(3). The Class Members "are not likely to file individual actions," because, among other things, "the cost of litigation would dwarf any potential recovery." *In re Whirlpool*, 722 F.3d at 861 (citing *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1202 (2013); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).

17. Accordingly, the Court grants final certification to each of the four settlement classes pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

18. The Court further finds that the proposed settlement for Plaintiffs and Class Members qualifies for final approval pursuant to Fed. R. Civ. P. 23(e) on the basis that it is "fair, reasonable, and adequate" to all participants as it satisfies the seven factors identified in *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), which are "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.*

19. As to the proposed collective action settlement, the Court finds that the proposed Settlement satisfies the standard for approval of a FLSA collective action settlement under 29 U.S.C. § 216(b). There are "divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury." *Bradford v. Legacy Health Servs.*, 2014 WL 7185453, at *3 (N.D. Ohio Dec. 16, 2014). The Settlement is fair and reasonable as "the settlement was the product of arms'-length negotiations between parties that were represented by capable and experienced counsel[, who both] believe that

the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount." *Id.* Additionally, "given the factual and legal complexity of the case, there is no guarantee that Plaintiffs would have prevailed[, while] the Settlement Agreement assures that [the Collective Members] will receive compensation for the alleged violations at issue." *Id.*

20. The Court finds that the Notices given to Class Members was reasonable and the best notice practicable, satisfying the requirements of Fed. R. Civ. P. 23(e) and due process.

21. No Class Member filed and pursued an objection to the Settlement.

22. The Court excludes from the Class Members the individuals identified in the Declaration of Bruce Holman of A.B. Data, Ltd., the Settlement Administrator in this case, as having requested exclusion.

23. The Court approves the Settlement pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) and finds that the Court's judgment herein applies to all Class Members who have not requested exclusion and all Putative Collective Action Members who opt-in to the collective action. The Court orders that the Settlement Agreement be implemented according to its terms and conditions as directed herein.

24. The Court finds that the Global Settlement Fund and the proposed distributions to the Settlement Class Members are fair and reasonable. The Court approves the distributions and orders that they be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

25. The Court approves the proposed Service Awards of $10,000 each, to Plaintiffs Daniel Shanahan, LeVora Addison, Michael Alagich, Jamie Serow, Alejandro Solano, and Laurie Kielbania and Opt-in Plaintiffs Ronald Gall, Catherine Johnson, Brenda Meehan, and Ernesto Small as these

individuals "expend[ed] time and effort beyond that of the other class members in assisting class counsel with the litigation." *Arledge v. Domino's Pizza, Inc.*, 2018 WL 5023950, at *6 (S.D. Ohio Oct. 17, 2018). The Court orders that payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

26. The Court approves the National Employment Law Project ("NELP") as the cy pres recipient of any checks that remain uncashed by Class Members. The Court find that NELP's "interests reasonably approximate those being pursued by" Class Members as its nationwide mission of, inter alia, strengthening protections and support for low-wage workers is in line with the broad humanitarian and remedial purpose of the FLSA. *Rosser v. A & S Contracting, Inc.*, 2017 WL 666121, at *2 (S.D. Ohio Feb. 17, 2017).

27. The Court approves the requested attorneys' fees of one-third of the Global Settlement Fund and $5,655 in out-of-pocket litigations costs as reasonable. The Court has considered (1) the value of the benefit rendered to the class, (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides. *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). The Court finds that the recovery of approximately 35% of the estimated unpaid wages is a significant benefit to the Settlement Class Members. The Court finds that the requested fee furthers public policy goals by encouraging attorneys to litigate wage and hour law cases. The Court finds that Class Counsel provided their services on a contingent fee basis. The Court finds that the lodestar multiplier of 3.75 (as of the date of Class Counsel's filing of the instant Motion)

demonstrates that the value of the services Class Counsel provided on an hourly basis supports the conclusion that the requested fee is reasonable. The Court finds that the complexity of this class and collective action, which spanned several states and involved claims under the FLSA and four state wage and hour law statutes, weighs in favor of approving the requests attorneys' fee. Finally, the Court finds that Class Counsel and KeyBank's counsel are highly experienced in wage and hour class and collective action litigation. These factors weigh in favor of approving the requested attorneys' fee and, accordingly, the requested fee award is granted.

28. The Court approves Class Counsel's request for reimbursement of $5,655 in out-of-pocket costs to be paid from the Gross Settlement Fund. The Court finds that the requested reimbursement is for expenses that were incidental and necessary to the representation of Plaintiffs and the Settlement Class Members.

29. The Court approves the payment of $42,000.00 out of the Global Settlement Fund to A.B. Data, Ltd. for its fees and costs as the Settlement's third-party administrator.

30. The Court dismisses this case with prejudice and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

31. As requested by the parties in the Settlement Agreement, the Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and over the administration of settlement benefits.

**IT IS SO ORDERED.**

Date: March 16, 2021

　　*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE